IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE **DIVISION**
**CIVIL ACTION NO.** 3:17-CV-00197-GCM

| | |
|---|---|
| KAREN Y. FLOYD, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| MICHAEL SABIK | ) |
| LGI HOMES | ) |
| SUSAN THOMPSON, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court upon Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed a response and Defendants have filed a reply. Accordingly, this matter is ripe for disposition.

**I.   Introduction**

This action was filed *pro se* on April 13, 2017. [Doc. No. 1]. Plaintiff claims that Defendants discriminated against her based upon her race and disability in violation of Title VII of the Civil Rights Act ("Title VII") and the Americans with Disability Act ("ADA") by not hiring her. *Id.* at 4. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 15, 2015 in which she asserted that she was discriminated against based upon her disability. *Id.* at 5. On February 24, 2017, Plaintiff received a "right to sue letter" and subsequently filed the current action. *Id.* In response to Plaintiff's suit, Defendants filed the present Motion to Dismiss the Corporate Defendant, LGI Homes – NC, LLC[1] ("LGI"), from the Title VII

---

[1] The correct Defendant Corporation is "LGI Homes – NC, LLC," not "LGI Homes." The Clerk is directed to correct the Defendant Corporation's name accordingly.

claim under Rule 12(b)(1) and the Individual Defendants, Michael Sabik ("Sabik") and Susan Thompson ("Thompson"), from both claims under Rules 12(b)(1) and 12(b)(6) [Doc. No. 12].

## II. Legal Standard

"Rule 12(b)(1) provides for dismissal of a lawsuit where a court lacks jurisdiction over the subject matter of the lawsuit." *Miller v. Ingles*, No. 1:09-CV-200, 2009 WL 4325218, at *3 (W.D.N.C. Nov. 24, 2009); Fed. R. Civ. P. 12(b)(1). "Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court." *Id.* (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). When a court considers subject-matter jurisdiction, the burden of proof is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

In order to survive a motion to dismiss under Rule 12(b)(6), Plaintiff's Complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the United States Supreme Court has held, the "short and plain statement of the claim," as set forth in Rule 8(a)(2), "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint is only plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

While courts must liberally construe *pro se* complaints, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and cannot

ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may be properly addressed."). "Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" *Justice v. Dimon*, 2011 WL 2183146, at *4 (W.D.N.C. June 6, 2011) (quoting *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). "In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice." *Id.*

### III. Discussion

To maintain a suit under Title VII, Plaintiff must first file a charge with the EEOC and then receive a "letter to sue" from the EEOC. *See* 42 U.S.C. § 2000(e)-5(f)(1) (2012). Plaintiff herein provided the "letter to sue" she received from the EEOC. [Doc. No. 1]. However, that letter only granted her the right to sue under the ADA, not Title VII. *Id.* Failure to attain a Title VII "letter to sue" deprives this Court of subject-matter jurisdiction over that cause of action and it must therefore be dismissed. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 138–40 (4th Cir. 1996)). The Court notes that Plaintiff is *pro se*, but she presents no defense against a failure to follow administrative procedure and its consequential deprivation of subject-matter jurisdiction. As such, Plaintiff's Title VII claim against all Defendants shall be dismissed.

Turning to the ADA claim, Plaintiff correctly followed administrative procedure. [Doc. No. 1]. *See* 42 U.S.C. § 12117 (2012). However, the ADA does not allow for individual liability.

*See Swaim v. Westchester Academy, Inc.*, 170 F. Supp. 2d 580, 583 (M.D.N.C. 2001) ("[I]ndividual defendants do not face personal liability under the Americans with Disabilities Act.") (citing *Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999)). In fact, one of the fundamental requirements of the ADA is that the defendant be an "*employer*" of at least fifteen individuals. 42 U.S.C. §§ 12111–12 (2012) (emphasis added). Plaintiff again presents no argument as to how individuals can be liable under the ADA. Consequently, even when taking the facts in a light most favorable to Plaintiff and taking into account her *pro se* status, Plaintiff fails to state an ADA claim against the Individual Defendants. Accordingly, Defendants' Motion to Dismiss the ADA claim against the Individual Defendants shall be granted.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss is hereby **GRANTED**, Defendants Michael Sabik and Susan Thompson are **TERMINATED** from this case, and the Title VII claim against Defendant LGI Homes – NC, LLC is **DISMISSED**.

Signed: July 27, 2017

Graham C. Mullen
United States District Judge